# United States Court of Appeals for the Federal Circuit

---

**VIRNETX INC.,**
*Appellant*

**v.**

**CISCO SYSTEMS, INC.,**
*Appellee*

**ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2019-1671

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/001,679.

---

**ON PETITIONS FOR PANEL REHEARING**

---

NAVEEN MODI, Paul Hastings LLP, Washington, DC, for appellant. Also represented by STEPHEN BLAKE KINNAIRD, JOSEPH PALYS, IGOR VICTOR TIMOFEYEV, MICHAEL WOLFE, DANIEL ZEILBERGER.

DAVID L. MCCOMBS, Haynes & Boone, LLP, Dallas, TX, filed a combined petition for panel rehearing and rehearing

en banc for appellee. Also represented by THEODORE M. FOSTER, DEBRA JANECE MCCOMAS.

MELISSA N. PATTERSON, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, filed a combined petition for panel rehearing and rehearing en banc for intervenor. Also represented by COURTNEY DIXON, SCOTT R. MCINTOSH; THOMAS W. KRAUSE, JOSEPH MATAL, BRIAN RACILLA, FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

---

Before MOORE, O'MALLEY, and CHEN, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

**O R D E R**

The Director of the United States Patent and Trademark Office and Cisco Systems, Inc. have petitioned for rehearing to argue that we erred in extending *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019) beyond the context of inter partes reviews to this appeal from a decision of the Patent Trial and Appeal Board in an inter partes reexamination. Specifically, they assert that administrative patent judges ("APJs") should be deemed constitutionally appointed officers at least when it comes to their duties reviewing appeals of inter partes reexaminations. We issue this order for the purpose of more fully explaining our rationale for rejecting this argument.

In *Freytag v. Commissioner*, 501 U.S. 868 (1991), the Supreme Court addressed a similar contention. That case dealt with an assignment of a special trial judge by the Chief Judge of the United States Tax Court to a case in which the special trial judge was authorized to prepare proposed findings for a judge of the Tax Court. While conceding that special trial judges were inferior officers when assigned under the same governing statute to other

proceedings in which the trial judge was authorized to render the final decision, the Commissioner of the Internal Revenue Service argued that the special trial judge was acting as an employee in cases when he merely proposes findings. The Court rejected the Commissioner's argument, finding that the special trial judges were "not inferior officers for purposes of some of their duties under" the statute "but mere employees with respect to other responsibilities." *Id.* at 882. The Court explained that "[t]he fact that an inferior officer on occasion performs duties that may be performed by an employee not subject to the Appointments Clause does not transform his status under the Constitution." *Id.* Instead, "[i]f a special trial judge is an inferior officer for purposes of" some responsibilities, then "he is an inferior officer within the meaning of the Appointments Clause and he must be properly appointed." *Id.*

*Freytag* indicates that we should "look not only to the authority exercised in [an appellant]'s case but to all of that appointee's duties" when assessing an Appointments Clause challenge. *Lucia v. SEC*, 832 F.3d 277, 284 (D.C. Cir. 2016), *rev'd on other grounds*, 138 S. Ct. 2044 (2018); *Intercollegiate Broad. Sys., Inc. v. Copyright Royalty Bd.*, 684 F.3d 1332, 1338 (D.C. Cir. 2012) ("Even though the [Copyright Royalty Judges] affect Intercollegiate only in regard to webcasting, *Freytag* calls on us to consider all the powers of the officials in question in evaluating whether their authority is 'significant,' not just those applied to the litigant bringing the challenge."). The Director acknowledges that once appointed to the Board, the APJs' duties include both conducting inter partes reviews and reviewing appeals of inter partes reexaminations. Director's Pet. at 3 ("In addition to conducting inter partes *review* (IPR) proceedings, the Board hears appeals from inter partes *reexaminations*[.]"). Thus, if these APJs are unconstitutionally appointed principal officers because of their inter partes review duties in light of *Arthrex*, it would appear that under *Freytag* vacatur would be appropriate for all agency actions

rendered by those APJs regardless of the specific type of review proceeding on appeal. *Freytag*, 501 U.S. at 882; *Collins v. Mnuchin*, 938 F.3d 553, 591 (5th Cir. 2019) ("If by statute he performed at least some duties of an Officer of the United States, his appointment must accord with Article II." (citation omitted)); *id.* at 593 (noting that an agency action by an unconstitutionally appointed official is voidable whenever the officer is vested with "authority that was never properly theirs to exercise").

While it seems that, on this point, *Freytag* sweeps broadly and would apply to all Board proceedings, we need not go so far. The Director and Cisco have provided no basis to disturb our prior determination that the relevant analysis requires similar treatment of appeals from these post-grant proceedings. Although no discovery is held and no trial conducted in inter partes reexaminations, the nature of the two proceedings are otherwise similar. Both involve third-party challenges to the claims of an issued patent and, importantly, in both, APJs exercise significant authority on behalf of the government by issuing final decisions that decide the patentability of the challenged claims. The Director's authority over the Board's decisions is not meaningfully greater in the context of inter partes reexaminations than in inter partes reviews, moreover, because, by statute, only the Board may grant rehearing in reexaminations, Pre-AIA 35 U.S.C. § 6(b),[1] and only a party to the inter partes reexamination, not the Director, has the power to appeal the decision to this court, Pre-AIA 35 U.S.C. § 141. Thus, as is the case in inter partes reviews, "[i]f no party appeals the APJs' decision, the Director's

---

[1] When it enacted the Leahy-Smith America Invents Act, Congress made clear that provisions of sections 6, 134, and 141 of title 35 that were in existence before enactment would still govern inter partes reexamination proceedings. AIA § 7(e)(2).

hands are tied." *Arthrex*, 941 F.3d at 1329; Pre-AIA 35 U.S.C. § 316(a) (stating that the Director "shall issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable").[2]

The Director's and Cisco's arguments to the contrary are unpersuasive. They primarily argue that the Director has significant control over inter partes reexamination proceedings *before* a case reaches the Board. In this regard, Cisco contends that—acting through the examiners—the Director can control the findings of fact and conclusions of law that are present in the reexamination at the start of the appeal process. Cisco's Pet. at 5–6. The Director adds that he "acting alone has authority to make a decision favorable to a patent owner" before a case ever gets to the Board for review. Director's Pet. at 10. That cited authority offers "no actual reviewability of a decision issued by a panel of APJs." *Arthrex*, 941 F.3d at 1329. As this court explained in *Arthrex*, "[t]he relevant question is to what extent th[e final written] decisions are subject to the Director's review." *Id.* at 1330. And, like the Director's ability to decide whether to institute inter partes review proceedings, the Director's cited powers here provide no form of review authority or supervision over the APJs' final decisions. *Id.*

We also reject Cisco's argument that "[i]n stark contrast to *inter partes* reviews, *inter partes* reexamination appeals allow for the Director's direct involvement [in Board

[2] Additionally, the same appointment and removal statutory provisions govern all APJs. Before curing the defect, we explained in *Arthrex* that "[u]nder the current Title 35 framework, both the Secretary of Commerce and the Director lack unfettered removal authority." 941 F.3d at 1332. Neither the Director nor Cisco contend that a different conclusion is warranted with respect to reexaminations.

proceedings] through a petition process." Cisco's Pet. at. 6. The regulations cited only allow a party to petition the Director in an action "which is not subject to appeal to the Patent Trial and Appeal Board or to the court." 37 C.F.R. § 1.181(a)(1). Those "petitions involving action of the Patent Trial and Appeal Board" must instead be "addressed to the Chief Administrative Patent Judge." 37 C.F.R. § 41.3(a); 37 C.F.R. § 1.181(a)(3) ("petitions involving actions of the Patent Trial and Appeal Board" must be addressed pursuant to § 41.3(a)). Cisco is left to argue that, under 37 C.F.R. § 1.183, the Director can in extraordinary circumstances sua sponte waive requirements of the regulations that are not required by the statutes. But even then, Cisco provides no mechanism by which the Director could, on his own, review the APJs' decision.

Cisco's remaining arguments are also unconvincing. Cisco contends that the Director has the authority to promulgate regulations governing the conduct of inter partes reexamination appeals; has the power to provide policy directives and management supervision of the Office; has the authority to designate Board opinions as precedential; has the authority to decide whether to institute an inter partes reexamination in the first place; and controls the selection of judges to hear each inter partes reexamination appeal. Cisco's Pet. at. 4–5. *Arthrex* recognized this same oversight authority in the context of inter partes reviews, 941 F.3d at 1331–32, but concluded that "control and supervision of the APJs is not sufficient to render them inferior officers," given "the lack of any presidentially-appointed officer who can review, vacate, or correct decisions by the APJs combined with" the Director's "limited removal power" over APJs, *id.* at 1335. That precedent compels that we reach the same conclusion in the context of inter partes reexaminations.

Upon consideration thereof,

IT IS ORDERED THAT:

The petitions for panel rehearing are denied.

May 13, 2020
Date