**Appeal No. 2019-1671**

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**VIRNETX INC.,**
*Appellant*,

v.

**CISCO SYSTEMS, INC.,**
*Appellee*,

**KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,**
*Intervenor.*

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Reexamination Control No. 95/001,679

**BRIEF FOR INTERVENOR**

THOMAS W. KRAUSE
Solicitor

FARHEENA Y. RASHEED
Deputy Solicitor

BRIAN RACILLA
Associate Solicitor

USPTO Office of the Solicitor
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313
(571) 272-9035

*Attorneys for the Director of the U.S. Patent and Trademark Office*

August 2, 2022

# TABLE OF CONTENTS


Introduction ........ 1

I. Statement of the Issue ........ 2

II. Statement of the Case ........ 2

III. Summary of the Argument ........ 3

IV. Argument ........ 3

A. Standard of review ........ 3

B. This Court's recent *Arthrex II* decision denied the same constitutional challenge that VirnetX raises here ........ 3

V. Conclusion ........ 4

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
35 F.4th 1328 (Fed. Cir. 2022), *rehearing pet. pending* ..............................1, 3, 4

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
941 F.3d 1320 (Fed. Cir. 2019), *vacated and remanded sub nom*,
*United Sates v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021) ..........................................2

*MCM Portfolio LLC v. Hewlett-Packard Co.*,
812 F.3d 1284 (Fed. Cir. 2015) ......................................................................3

## Statutes

Appointments Clause, the Federal Vacancies Reform Act of 1998 ..........................1

## **Statement of Related Cases**

This appeal arises from inter partes reexamination proceeding no. 95/001,679 regarding claims 1-9 and 13-18 of U.S. Patent No. 6,502,135 ("the '135 patent"). The '135 patent is the subject of a previous appeal and two pending appeals from the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office to this Court. In the previous appeal from the PTAB's decision in an inter partes review proceeding involving the '135 patent, this Court vacated the PTAB's decision and remanded the case back to the PTAB for further proceedings consistent with the Court's opinion. *See VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, 778 F. App'x 897 (Fed. Cir. 2019) (Appeal Nos. 17-1368, 17-1383). On remand from the previous appeal, the PTAB again found the claims-at-issue of the '135 patent to be unpatentable, and VirnetX has appealed that PTAB decision to this Court. *See VirnetX Inc. v. Apple Inc.*, Appeal No. 22-1997 (Fed. Cir.). There is another appeal that arises from inter partes reexamination proceeding no. 95/001,682 regarding the '135 patent that is currently pending before this Court. *See VirnetX Inc. v. Apple Inc.*, Appeal No. 22-1523 (Fed. Cir.).

Other than the cases identified above and those listed in appellant's brief (Br. at ix), the Director is not aware of any other case pending in this or any other court that will directly affect, or directly be affected by, the Court's decision in this appeal.

## INTRODUCTION

Appellant VirnetX Inc. is a patent holder seeking review of a decision of the Patent Trial and Appeal Board ("PTAB") in inter partes reexamination proceeding no. 95/001,679 finding claims 1-9 and 13-18 of U.S. Patent No. 6,502,135 ("the '135 patent") unpatentable. Appx29. Most of VirnetX's brief is devoted to challenging the merits of the PTAB's patentability and claim construction determinations, whether the PTAB sufficiently explained its decision, and whether the PTAB improperly relied on a new ground of rejection. Br. at 22-48.

VirnetX also raises a constitutional challenge to the authority of Commissioner Hirshfeld, who had been duly delegated the duties and functions of the Director during the former vacancy in that office, "solely to preserve it" for potential further en banc or Supreme Court review. Br. at 50. VirnetX concedes that its argument is foreclosed by this Court's decision in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328 (Fed. Cir. 2022) ("*Arthrex II*"), *rehearing pet. pending*. The Director has intervened to address this challenge. In *Arthrex II*, this Court ruled that Andrew Hirshfeld's performing the functions and duties of the Director did not violate the Appointments Clause, the Federal Vacancies Reform Act of 1998 ("FVRA"), or the Constitution's separation of powers. As VirnetX has acknowledged, its challenge to Andrew Hirshfeld's authority in this case is legally indistinguishable from that decided in the *Arthrex II* decision cited above. Thus, this Court similarly should reject VirnetX's challenge here.

## I. STATEMENT OF THE ISSUE

Whether this Court's decision in *Arthrex II* forecloses VirnetX's claims that Commissioner Hirshfeld's order denying VirnetX's request for Director review violates the Appointments Clause or the FVRA.

## II. STATEMENT OF THE CASE

VirnetX is the owner of the '135 patent, which was the subject of an inter partes reexamination proceeding that resulted in a PTAB decision finding claims 1-9 and 13-18 unpatentable. Appx1-31. VirnetX requested rehearing, which the PTAB denied. Appx32-38. VirnetX appealed to this Court; however, prior to the filing of VirnetX's opening brief in this appeal, this Court and the Supreme Court issued their respective decisions in the *Arthrex* appeal regarding the Appointments Clause. *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019), *vacated and remanded sub nom*, *United Sates v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021) ("*Arthrex I*"). After the Supreme Court's decision, this Court ordered a limited remand of the appeal to allow VirnetX to seek Director rehearing of the final written decision issued in the reexamination proceeding. ECF No. 63. VirnetX sought such a rehearing, and on January 10, 2022, Andrew Hirshfeld, Commissioner of Patents, Performing the Functions and Duties of the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, denied the request and ordered that the PTAB's decision was the final decision of the USPTO. Appx39-41.

VirnetX has filed its opening appeal brief (ECF No. 72 ("Br.")) and argues that the PTAB's decision was wrong on the merits, insufficiently explained, and improperly denied VirnetX a meaningful opportunity to respond. Br. at 22-48. VirnetX also argues that the denial of VirnetX's request for Director rehearing violated the Appointments Clause and the FVRA. Br. at 49-50.

## III. SUMMARY OF THE ARGUMENT

As VirnetX has acknowledged, its Appointments Clause and FVRA challenge to Andrew Hirshfeld's authority is the same as that raised by Arthrex in its appeal to this Court. This Court's recent decision rejecting Arthrex's challenges, *Arthrex II*, 35 F.4th 1328 (Fed. Cir. 2022), disposes of the same issue here. The USPTO takes no position on the other issues that VirnetX raises.

## IV. ARGUMENT

### A. Standard of review

This Court reviews de novo the constitutional and statutory interpretations questions addressed in this brief. *MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284, 1287 (Fed. Cir. 2015).

### B. This Court's recent *Arthrex II* decision denied the same constitutional challenge that VirnetX raises here

In *Arthrex II*, this Court held that Commissioner Hirshfeld did not "violate[] the Appointments Clause, the FVRA, or the Constitution's separation of powers in denying [a] rehearing request." *Arthrex II*, 35 F.4th at 1345. In challenging the constitutionality of the Director rehearing process under Andrew Hirshfeld's

authority, VirnetX raises the same arguments that Arthrex did, which are foreclosed now by this Court's decision in *Arthrex II*.

Specifically, VirnetX argues, as did Arthrex, that the Supreme Court's decision in *Arthrex I* requires, under the Appointments Clause, that a presidentially appointed and Senate-confirmed principal officer make the final decision for the USPTO. Br. at 49. This Court rejected that very argument in *Arthrex II*, holding that "the Commissioner's exercise of the Director's authority while that office was vacant did not violate the Appointments Clause." *Arthrex II*, 35 F.4th at 1335. VirnetX also argues that that the Federal Vacancies Reform Act precludes the USPTO from having the Commissioner of Patents temporarily perform the functions and duties of the Director, including "singlehanded review of Board decisions." Br. at 49-50. That argument was also rejected by this Court, which explained, "the FVRA applies only to non-delegable duties," and because "deciding rehearing requests is a delegable duty," "the FVRA does not apply here." *Arthrex II*, 35 F.4th at 1335.

VirnetX itself recognizes that its arguments are foreclosed by the recent *Arthrex* decision and that it "raises this argument here solely to preserve it for potential review by this Court en banc or the Supreme Court." Br. at 50.

The USPTO takes no position on the other arguments raised by VirnetX.

## V. CONCLUSION

For the foregoing reasons, this Court should reject VirnetX's Appointments Clause and FVRA challenge.

August 2, 2022

Respectfully submitted,

/s/ *Brian Racilla*
THOMAS W. KRAUSE
Solicitor

FARHEENA Y. RASHEED
Deputy Solicitor

BRIAN RACILLA
Associate Solicitor

U.S. Patent and Trademark Office
Office of the Solicitor
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313
robert.mcbride@uspto.gov
(571) 272-9035

*Attorneys for the Director of the*
*U.S. Patent and Trademark Office*

## RULE 32(a)(7)(C) CERTIFICATE OF COMPLIANCE

I certify pursuant to Fed. R. App. Proc. 32(a)(7) that the foregoing brief complies with the type-volume limitation required by the Court's rule. The total number of words in the foregoing brief, excluding the table of contents and the table of authorities, is 925 words as calculated using the Word® software program.

/s/ *Brian Racilla*
Brian Racilla
Associate Solicitor