# 2019-1671

# United States Court of Appeals for the Federal Circuit

---

**VIRNETX INC.,**
*Appellant*

*v.*

**CISCO SYSTEMS, INC.,**
*Appellee*

**KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,**
*Intervenor*

*Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/001,679.*

---

### APPELLANT VIRNETX INC.'S MOTION TO HOLD THE APPEAL IN ABEYANCE

Naveen Modi
Joseph E. Palys
Stephen B. Kinnaird
Igor V. Timofeyev
Daniel Zeilberger
PAUL HASTINGS LLP
2050 M Street, N.W.
Washington, D.C. 20036
Tel.: (202) 551-1700

*Counsel for Appellant*

Appellant VirnetX Inc. ("VirnetX") respectfully requests that this Court hold this appeal in abeyance pending the disposition of its forthcoming petition for rehearing in a related appeal, *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, Nos. 20-2271, -2272, and the Supreme Court's disposition of a pending petition for a writ of certiorari in in *Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 22-639. A stay of the proceedings in this appeal for these developments would conserve the Court's and the parties' resources, thereby furthering judicial efficiency. Counsel for VirnetX consulted with counsel for Appellee Cisco Systems, Inc. ("Cisco") and counsel for Intervenor the United States Patent and Trademark Office ("the PTO") with respect to this motion. Cisco opposes this motion and the PTO takes no position on the motion.

On March 30, 2023, this Court issued its decision in *VirnetX Inc. v Mangrove Partners Master Fund, Ltd.*, Nos. 20-2271, 20-2272, 2023 WL 2708975 (Fed. Cir. Mar. 30, 2023). One of the two patents at issue in *Mangrove*—U.S. Patent No. 6,502,135 ("the '135 patent")—is also at issue in this appeal. The Court in *Mangrove* affirmed the Patent Trial and Appeal Board's ("the Board's") findings that claims 1, 3-4, 7-8, 10, and 12 of the '135 patent are unpatentable. *See* Slip Op. 5, 14-20. This appeal involves several of those claims—claims 1, 3-4,

1

and 7-8. If this Court on rehearing reaffirms its decision in *Mangrove* that those claims are unpatentable, that will narrow the issues in this appeal.[*]

The issues addressed in *Mangrove* may also have a bearing on this appeal in another way. Specifically, in *Mangrove*, this Court found that "[s]ubstantial evidence supports the Board's conclusion that Kiuchi teaches a direct-communication VPN." Slip Op. 14. This finding may affect VirnetX's argument in this appeal that "Kiuchi does not teach the required direct communication between a client computer and a target computer." *See* VirnetX Br. 39 (internal quotation marks omitted).

The requested abeyance is also warranted for another reason. This appeal involves a challenge under the Federal Vacancies Reform Act of 1998, 5 U.S.C. § 3345 *et seq.*, to Commissioner for Patents Andrew Hirshfeld's authority, as official performing the functions and duties of the Director of the PTO, to issue final decisions for the Patent Trial and Appeal Board in the underlying *inter partes* review proceedings. *See* VirnetX Br. 49-50. VirnetX acknowledged that this Court's intervening decision in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328 (Fed. Cir. 2022), forecloses this argument, *see* VirnetX Br. 50, but preserved the issue for Supreme Court review.

---

[*] VirnetX's petition for rehearing in Appeal Nos. 20-2271, -2272 is currently due on May 15, 2023. VirnetX is requesting an extension until June 5, 2023.

This issue is currently raised to the Supreme Court in a pending petition for certiorari in *Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 22-639. The Supreme Court is scheduled to consider the petition at its Conference on May 18, 2023, and the decision on whether the petition is granted will likely be announced on May 22 or May 30, 2023. If the Supreme Court grants certiorari review in *Arthrex*, a hold of this appeal pending the merits decision in that case may be warranted.

For the reasons stated above, VirnetX respectfully requests that this motion to hold this appeal in abeyance be granted.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: April 18, 2023 | /s/Naveen Modi |
| | Naveen Modi |
| | Joseph E. Palys |
| | Stephen B. Kinnaird |
| | Igor V. Timofeyev |
| | Daniel Zeilberger |
| | PAUL HASTINGS LLP |
| | 2050 M Street, N.W. |
| | Washington, D.C. 20036 |
| | Tel.: (202) 551-1700 |
| | |
| | *Counsel for Appellant VirnetX Inc.* |

# CERTIFICATE OF INTEREST

Counsel for Appellant VirnetX Inc. certifies the following:

| 1. Full name of party represented by me | 2. Name of real party in interest represented by me | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| VirnetX Inc. | VirnetX Inc. | VirnetX Inc. is a wholly owned subsidiary of VirnetX Holding Corporation. |

4.   The names of all law firms and the partners or associates that appeared for the party now represented by me in the agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

   None.

5.   The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47.4(a)(5) and 47.5(b).

   *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, No. 20-2271 (Fed. Cir.);

   *VirnetX Inc., Leidos, Inc. v. Apple Inc.*, No. 21-1672 (Fed. Cir.);

   *VirnetX Inc. v. Apple Inc.*, No. 22-1523 (Fed. Cir.);

   *VirnetX Inc. v. Apple Inc.*, No. 6:13-cv-00211 (E.D. Tex.).

6.  Information required by Federal Rule of Appellate Procedure 26.1(b) and (c) that identifies organizational victims in criminal cases and debtors and trustees in bankruptcy cases.

    Not Applicable

| | |
|---|---|
| Dated: April 18, 2023 | /s/ Naveen Modi |
| | Naveen Modi |
| | *Counsel for Appellant VirnetX Inc.* |

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A).

The motion contains 556 words, excluding the parts of the motion exempted by Federal Circuit Rule 27(d).

2. This motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E).

The motion has been prepared in a proportionally spaced typeface using MS Word 2013 in a 14 point Times New Roman font.

Date: April 18, 2023            BY:    /s/Naveen Modi
                                       Naveen Modi
                                       PAUL HASTINGS LLP
                                       2050 M Street, N.W.
                                       Washington, D.C. 20036
                                       Tel.: (202) 551-1700
                                       Fax: (202) 551-1705