PAUL
HASTINGS

1(202) 551-1792
igortimofeyev@paulhastings.com

September 28, 2023

**VIA ECF**

Jarrett B. Perlow
Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: *VirnetX Inc. v. Cisco Sys., Inc.*, No. 19-1671 — Rule 28(j) Letter

Dear Mr. Perlow:

Appellant VirnetX Inc. previously informed the Court, when seeking abeyance of this appeal pending its petition for rehearing in *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, No. 20-2271, that the Court's decision in that case, *see* 2023 WL 2708975 (Fed. Cir. Mar. 30, 2023), may narrow the issues in this appeal. *See* Dkt. No. 99 at 1-2. In *Mangrove*, this Court affirmed the Patent Trial and Appeals Board's finding that several claims of U.S. Patent No. 6,502,135—including claims 1, 3-4, and 7-8, at issue in this case—are unpatentable under the Kiuchi reference. Slip Op. 5, 14-20. Additionally, *Mangrove* found that "[s]ubstantial evidence supports the Board's conclusion that Kiuchi teaches a direct-communication VPN." Slip Op. 14. VirnetX noted that "[t]his finding may affect VirnetX's argument in this appeal that 'Kiuchi does not teach the required direct communication between a client computer and a target computer.'" Dkt. No. 99 at 2 (quoting VirnetX Br. 39).

This Court has since denied rehearing in *Mangrove*. *See* No. 20-2271, Dkt. No. 122 (Fed. Cir. June 22, 2023). VirnetX recently sought certiorari in *Mangrove*. *See VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, No. 23-315 (U.S. docketed Sept. 27, 2023). Nevertheless, VirnetX acknowledges that *Mangrove* at present renders moot the patentability of claims 1, 3-4, and 7-8 of the '135 patent, since these claims are now slated for cancellation. The Board's decision with respect to those claims should be vacated as moot. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950); *Valspar Sourcing, Inc. v. PPG Indus., Inc.*, 780 F. App'x 917, 921 (Fed. Cir. 2019).

VirnetX also acknowledges that, under principles of collateral estoppel, *Mangrove* currently precludes VirnetX from contesting that Kiuchi discloses direct communication between a client computer and a target computer (regardless of whether the Board in this case was correct to base that finding on the directness of *proxy-to-proxy* communication, without analyzing the communication between the properly-mapped client and target computers—*the user agent and the origin server*—that *Mangrove* addressed). *See* VirnetX Br. 26-42. VirnetX accordingly does not intend to raise that issue at oral argument.

PAUL
HASTINGS



Respectfully submitted,

*/s/ Igor V. Timofeyev*

Igor V. Timofeyev
*Counsel for Appellant VirnetX Inc.*

cc: Counsel of Record (via ECF)