NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VIRNETX INC.,**
*Appellant*

**v.**

**CISCO SYSTEMS, INC.,**
*Appellee*

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2019-1671

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/001,679.

---

Decided: October 20, 2023

---

IGOR VICTOR TIMOFEYEV, Paul Hastings LLP, Washington, DC, argued for appellant. Also represented by STEPHEN BLAKE KINNAIRD, NAVEEN MODI, JOSEPH PALYS, DANIEL ZEILBERGER.

THEODORE M. FOSTER, Haynes and Boone, LLP, Denver, CO, argued for appellee. Also represented by DEBRA JANECE MCCOMAS, DAVID L. MCCOMBS, Dallas, TX.

MELISSA N. PATTERSON, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by COURTNEY DIXON, SCOTT R. MCINTOSH; THOMAS W. KRAUSE, BRIAN RACILLA, FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

---

Before LOURIE, BRYSON, and CHEN, *Circuit Judges*.

PER CURIAM.

Appellant VirnetX Inc. seeks review of a decision of the Patent Trial and Appeal Board holding that various claims of VirnetX's U.S. Patent No. 6,502,135 are invalid for obviousness and anticipation.

This appeal has been overtaken by events. A decision by this court earlier this year in *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, No. 2020-2271, 2023 WL 2708975 (Fed. Cir. Mar. 30, 2023), upheld the decision of the Board in an *inter partes* review holding that various claims of the '135 patent were invalid. VirnetX acknowledges that the *Mangrove Partners* decision renders moot VirnetX's arguments as to claims 1, 3–4, and 7–8 of the '135 patent. Consequently, the only claim of the '135 patent still at issue in this case at the time of the oral argument was claim 18. And counsel for VirnetX acknowledged that if claim 18 were invalidated in the co-pending case of *VirnetX Inc. v. Apple Inc.*, No. 2022-1523, argued the same day as this case, this case would be entirely moot.

We have today affirmed the Board's decision in the co-pending *Apple* appeal. This case is therefore moot, and the appeal will be dismissed.

Because there has been no suggestion that the existence of the unreviewed Board decision in this case will cause unfair prejudice to VirnetX or any other party, we decline to vacate that decision as part of our judgment dismissing this appeal. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994). In particular, this is not a case in which an appellant has been "frustrated by the vagaries of circumstance" or the "unilateral action" of the appellee such that the appellant "ought not in fairness be forced to acquiesce in the judgment." *Apple Inc. v. Qualcomm Inc.*, 17 F.4th 1131, 1137 (Fed. Cir. 2021) (quoting *Bonner Mall*, 513 U.S. at 25); *see also LSI Corp. v. U.S. Int'l Trade Comm'n*, 604 F. App'x 924, 929 (Fed. Cir. 2015) (The decision whether to vacate a judgment when the case becomes moot by happenstance while on appeal is a matter "not of constitutional necessity but of remedial discretion.").

**DISMISSED**